A. F. PRINCE AND ALEXANDER B. THIELENS, ADMINISTRATORS OF THE
ESTATE OF HIRAM D. WAGNER, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1923.*

INHERITANCE TAX—*when claimant entitled to a refund.* Where an inheritance tax has been assessed against an estate, and paid, and afterwards claims are filed, and allowed against the estate, and the County Judge upon motion modifies the assessement by allowing a deduction on account of the claims allowed against the estate, the claimant is entitled to a refund under Sections 8 and 10, of Inheritance Tax Law.

Edward J. Brundage, Attorney General, for State.

This is a claim made by A. F. Prince and Alexander B. Thielens, administrators of the estate of Hiram D. Wagner, deceased for refund of a portion of the inheritance taxes assessed and paid in the estate of said deceased.

The decedent died January 22, 1921, a resident of DeKalb County, Illinois, and claimants were duly appointed administrators of his estate and are now acting. July 18, 1921, pursuant to regular inheritance tax proceedings, the County Judge of said county entered an order assessing the inheritance tax in said estate at $2,459.81, which amount less 5% discount as provided by law, to-wit: $2,336.82, was on the same day paid by claimants to County Treasurer of said County.

Thereafter on February 5, 1923, upon motion alleging the filing and allowance of $44,000.00 claims against said estate, not considered in the original assessment, the County Judge modified the said order of July 18, 1921, by allowing a further deduction on account of said additional claims and fixing the total tax in the estate $1,579.81. The original tax having been paid within six months of decedent's death said sum of $1,579.81, less 5% discount ($1,500.82) is found to be the correct sum due as inheritance taxes in said estate. The difference between the sum of $2,336.82 and $1,500.82 equals $836.00 due to claimants as refund under sections 8 and 10 of the Inheritance Tax Law.

The Attorney General consents to this allowance. The Court accordingly awards claimants the sum of $836.00.